# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL VALDEZ, | CASE NO. 1:08-cv-01572-YNP PC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | (Doc. 14) |
| DEAN HOOVER, et al., | |
| Defendants. / | |

Plaintiff Michael Valdez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss based upon the statute of limitations. Defendants filed their motion to dismiss on September 4, 2009. (Doc. #14.) Plaintiff filed an opposition on October 23, 2009. (Doc. #20.) Defendants filed a reply to the opposition on November 2, 2009. (Doc. #21.) All parties have consented to jurisdiction by Magistrate Judge. (Docs. #5, 25.) For the reasons set forth below, the Court finds that Plaintiff failed to initiate this action within the applicable statute of limitations period and will grant Defendants' motion to dismiss.

**I.     Defendants' Motion to Dismiss**

Defendants argue that they are entitled to dismissal because Plaintiff's claims are barred by the statute of limitations. (Mem. of P. & A. in Supp. of Mot. to Dismiss 1:26-2:2.) Defendants claim that the events in Plaintiff's complaint occurred on December 16, 2005. (Mem. in Supp. of Mot. to Dismiss 2:8-9.) Plaintiff filed his complaint on October 20, 2008. (Mem. in Supp. of Mot. to Dismiss 2:14-16.) Defendants argue that the applicable statute of limitations for this action is two

1  years from the date of accrual of the claims. (Mem. in Supp. of Mot. to Dismiss 3:20-26.)
2  Defendants contend that the limitations period began to run on December 16, 2005--the date of the
3  alleged use of excessive force that serves as the basis of Plaintiff's causes of action. (Mem. in Supp.
4  of Mot. to Dismiss 4:4-7.) A two year statute of limitations period would have ended on December
5  16, 2007. (Mem. in Supp. of Mot. to Dismiss 4:5-7.) Defendants thus conclude that Plaintiff's cause
6  of action is time-barred because Plaintiff filed suit on October 20, 2008--more than 10 months after
7  the limitations period had passed. (Mem. in Supp. of Mot. to Dismiss 4:7-8.)

8  In opposition, Plaintiff argues that he made several attempts to resolve this lawsuit outside
9  of court through local Hanford City entities, such as the Hanford Police Department, the chief of
10 police, the city itself, and "the Chartered Governors of the applicable jurisdiction." (Pl.'s Opp'n to
11 Defs. Mot. to Dismiss Pl.'s Compl. Pursuant to Rule 12(B)(6) of the Federal Rules of Court and
12 Request for Trial By Jury 1:21-2:1.) Plaintiff argues that his claims should not be time-barred
13 because he was awaiting resolution through extra-judicial means before he initiated suit. (Opp'n 2:3-
14 4.)

15 Defendants' reply argues that Plaintiff's opposition fails to defeat their statute of limitations
16 defense. (Reply Brief in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. Pursuant to Rule 12(b)(6) of
17 the Federal Rules of Civil Procedure 2:22-24.)

18 **II.     Discussion**

19 In their motion to dismiss, Defendants assert a statute of limitations defense, arguing that
20 Plaintiff waited too long after his cause of action accrued and that he thus initiated this action too
21 late. Section 1983 does not contain a specific statute of limitations and therefore federal courts apply
22 the forum state's statute of limitations for personal injury actions. Maldonado v. Harris, 370 F.3d
23 945, 954 (9th Cir. 2004). Defendants argue that California has a two year statute of limitations for
24 personal injury actions that applies to Plaintiff's cause of action. Plaintiff does not dispute this.

25 Plaintiff thus had a two year deadline to initiate this action. The next question is when that
26 deadline began to accrue. The Court looks to federal law to determine when a cause of action
27 accrues, and under federal law a cause of action accrues "when the plaintiff knows or has reason to
28 know of the injury which is the basis of the action." Id. at 955 (quoting Knox v. Davis, 260 F.3d

1009, 1013 (9th Cir. 2001)). Plaintiff's cause of action is based on his claim that Defendants used excessive force against him during an arrest on December 16, 2005. Defendants thus contend that Plaintiff's cause of action began to accrue on December 16, 2005. Plaintiff does not dispute this.

Given the two year statute of limitations and the December 16, 2005 accrual date, under ordinary circumstances Plaintiff had a deadline of December 16, 2007 to initiate this action. This action was initiated on October 20, 2008. The ordinary deadline can be extended upon Plaintiff's demonstration that he is entitled to tolling of the statute of limitations. Plaintiff's argument that this action should not be time-barred because he was awaiting resolution of his extra-judicial attempts to resolve this litigation is essentially an argument for tolling of the statute of limitations.

State law governs whether the statute of limitations for a section 1983 action should be tolled. Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Plaintiff claims that the statute of limitations should not apply because he was pursuing other remedies before he filed suit. Under California law, "[t]he exhaustion of administrative remedies will suspend the statute of limitations even though no statute makes it a condition of the right to sue." County of San Diego v. Myers, 147 Cal. App. 3d 417, 422 (1983) (quoting Campbell v. Graham-Armstrong, 9 Cal. 3d 482, 490 (1973)). "'When an injured person has several legal remedies and, reasonably and in good faith, pursues one designed to lessen the extent of the injury or damages, the statute of limitations does not run on the others while he is thus pursuing the one.'" Id. Whether this tolling doctrine applies to Plaintiff is unclear because Plaintiff provides little detail as to what sort of remedies he was pursuing, such as whether they were administrative/legal remedies or informal attempts to negotiate and settle the case with Hanford authorities. Even if tolling does apply, Plaintiff has not presented any facts that allow the Court to determine how long the statute of limitations should be tolled. Plaintiff does not allege how long he spent pursuing other remedies so it is unclear whether tolling period would cover 10 months. Plaintiff also fails to provide an explanation why he could not have filed his complaint before the statute of limitations deadline while simultaneously seeking resolution of the case directly with the "Hanford City entities." Plaintiff's imploration that this action not be dismissed on a "technicality rather than for just and legal cause" is not sufficient to shield this lawsuit from the application of the

///

statute of limitations. Therefore, the Court will find that Plaintiff failed to initiate this action within the applicable limitations period and grant Defendants' motion to dismiss.

### III. Conclusion and Recommendation

Plaintiff initiated this action two years and ten months after his cause of action accrued. The statute of limitations for Plaintiff's section 1983 action was two years. Plaintiff has failed to allege facts that entitle him to tolling of the statute of limitations for the ten months that his action was overdue. Thus, the Court finds that Plaintiff failed to initiate this action within the applicable statute of limitations and that Defendants are entitled to dismissal.

Based on the foregoing, it is HEREBY ORDERED that Defendants' motion to dismiss, filed September 4, 2009, be GRANTED.

IT IS SO ORDERED.

**Dated:    December 4, 2009**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE